IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LINDA PHILLIPS,                          §
                                         §
                Plaintiff,               §
                                         §
V.                                       §        No. 3:19-cv-2642-D-BN
                                         §
HCA HEALTHTRUST,                         §
                                         §
                Defendant.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Linda Phillips brings this *pro se* action against his former employer, Defendant HCA Healthtrust, alleging that she was "terminated for reporting harassment." Dkt. No. 3. Her action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater. The Court granted Phillips leave to proceed *in forma pauperis* ("IFP"). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this action without prejudice to Phillips's right to file, within a reasonable time to be set by the Court, an amended complaint that cures the deficiencies explained below.

**Legal Standards**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal for failure

to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (citation omitted), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). So a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

statements, will not suffice. *See id*. Instead, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court ... create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded her 'best case.' A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. [And a] plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Discussion

Phillips alleges that her civil rights were violated because she was terminated

after reporting harassment. *See* Dkt. No. 3 at 1. She does not specify the type of harassment she reported. *See id.* But she includes in her complaint a corrective action form documenting the employer's reasons for her termination. *See id.* at 2. The narrative of that form provides:

> Ms. Phillips received a First and Final Warning on August 24, 2018. On that Final Warning, Ms. Phillips was informed that any additional instances where her behavior including making comments or reports to other employees or business entities, related to unsubstantiated allegations, accusations, conspiracy theories, or any other behavior, and/or actions which make other employees uncomfortable, or ill at ease would lead to Termination of employment.
>
> On Tuesday, October 15, 2019, Human Resources received a new report indicating that Ms. Phillips again made serious accusations. Accordingly, Human Resources conducted a formal comprehensive investigation, using the details that Ms. Phillips provided in her allegations. As a result of this investigation, Human Resources verified that Ms. Phillips' accusations were again untruthful and unsubstantiated. Furthermore, one of the allegations which was ostensibly reported as a new event, was previously reported by Ms. Phillips and was investigated and addressed appropriately at that time.
>
> Ms. Phillips' allegations and behavior have created a hostile environment and constantly require the use of valuable resources to investigate unsubstantiated accusations. Furthermore, Ms. Phillips' behavior is a violation of HCA's Code of Conduct, which states, "any colleague who deliberately makes a false accusation with the purpose of harming or retaliating against another colleague is subject to discipline."

*Id.* (emphasis omitted).

Liberally construed, Phillips alleges that her employer retaliated against her – by terminating her employment – after she lodged internal complaints. Title VII of the Civil Rights Act of 1964 and other statutes that protect rights in the workplace "all contain provisions prohibiting retaliation for asserting the rights or enjoying the benefits under those statutes." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321

(5th Cir. 2014) (citation omitted). To state a retaliation claim, a plaintiff must allege "that (1) [she] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Id.* (citation omitted). These three elements together make out a prime facie case of retaliation.

And, while internal complaints may constitute a protected activity for purposes of alleging a retaliation claim, such complaints must at least reference unlawful discrimination. *See Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *see also Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

Phillips's failure to allege unlawful discrimination or some other prohibited employment practice in the context of her retaliation claim means that she has not stated a prima facie case.

A plaintiff need not establish a prima facie case in order to survive judicial

screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omiited)).

And because Phillips has not alleged sufficient facts to show a plausible retaliation claim – by connecting her alleged retaliation to some form of unlawful discrimination – her complaint should be dismissed. *See, e.g., Gardner v. Berry Global*, No. 3:19-cv-1871-S-BN, 2019 WL 5580137, at *2 (N.D. Tex. Sept. 24, 2019) ("The initial question for the Court ... is whether Plaintiff has provided sufficient facts to allege that he suffered employment discrimination. And, if he 'has not pled such facts,' it is 'proper[ to] dismiss[ his] complaint.'" (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 51-13 (2002); then quoting *Meadows*, 731 F. App'x at 318)), rec. accepted, 2019 WL 5579263 (N.D. Tex. Oct. 28, 2019).

But she should be given one last chance to state her best case by filing an amended complaint that takes into consideration the standards set out above.

## Recommendation

The Court should dismiss this action without prejudice to Plaintiff Linda Phillips's right to file, within a reasonable time to be set by the Court, an amended complaint that cures the deficiencies in the findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 8, 2019

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-7-