IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2642-D-BN |
| | § | |
| HCA HEALTHTRUST, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Linda Phillips filed a *pro se* complaint against her former employer,

Defendant HCA Healthtrust ("HCA"), alleging that she was "terminated for reporting

harassment." Dkt. No. 3. Her action was referred to the undersigned United States

magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of

reference from Senior United States District Judge Sidney A. Fitzwater.

The Court granted Phillips leave to proceed *in forma pauperis* ("IFP"). *See* Dkt.

No. 6. And, after reviewing her claims under 28 U.S.C. § 1915(e)(2)(B), the Court,

adopting the undersigned's findings, conclusions, and recommendation, dismissed

her complaint without prejudice, because Phillips failed to allege a plausible prima

facie case of retaliation. *See Phillips v. HCA Healthtrust*, No. 3:19-cv-2642-D-BN,

2019 WL 6879314, at *3 (N.D. Tex. Nov. 8, 2019) ("[B]ecause Phillips has not alleged

sufficient facts to show a plausible retaliation claim – by connecting her alleged

retaliation to some form of unlawful discrimination – her complaint should be

dismissed." (citing *Gardner v. Berry Global,* No. 3:19-cv-1871-S-BN, 2019 WL

5580137, at *2 (N.D. Tex. Sept. 24, 2019) ("The initial question for the Court ... is whether Plaintiff has provided sufficient facts to allege that he suffered employment discrimination. And, if he 'has not pled such facts,' it is 'proper[ to] dismiss[ his] complaint.'" (citing, in turn, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 51-13 (2002), then quoting *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam))), *rec. accepted*, 2019 WL 5579263 (N.D. Tex. Oct. 28, 2019))), *rec. adopted*, 2019 WL 6878230 (N.D. Tex. Dec. 17, 2019).

The Court then allowed Phillips's leave to "file an amended complaint," noting that, "[i]f she fails to do so, or files an amended complaint that fails to state a claim on which relief can be granted, this action will be dismissed." *Phillips*, 2019 WL 6878230, at *1.

Phillips filed an amended complaint on January 8, 2020. *See* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, because Phillips's amended complaint fails to allege a plausible cause of action, the Court should dismiss this case with prejudice.

## Applicable Background

In her amended complaint, Phillips clarifies that, while she is suing HCA, the harassment that she alleges started while she was employed by a separate company, South Point Photo:

> Bruce Sourri is the small business owner for this company, I started working for this company 07/2013, until 10/2016, while working for this company, Bruce, & his son became very verbally abusive, & another employee name Cliff Smith would make racist statements, regarding black people, I told Bruce that Cliff was a racist, and I did not like sharing office space with him, I told this to Bruce in 08/2016, this is

- 2 -

when I notices that things became strange, I notice that I was being followed by black men and women, I was at the Desoto library, helping my daughter looking for a job, when a black African American female said you have to tell your potential employer you have mis- demeanor case, this was strange because my daughter did have a case at that time, me and my daughter left the library, and the lady followed us, I turn to face the lady, and told her I know Bruce, & Cliff have you following me, the lady only smiled and walked away, the next day at work Cliff Smith was on the phone I heard him tell the person on the phone that she knows who we are.

I felt not only were we being followed but that Bruce, & cliff had hidden cameras installed in my home while I was at work, I felt my home had been entered more than once, I made [numerous police] reports about, someone entering my home taking small things, and leaving food sitting out of the freezer, I changed the [lock] 3 times, and my home is still being entered. I quit working for Bruce (South Point) in 10/2016, with no notice, Bruce became very upset about me quitting, the reason I gave no notice, because Bruce would pay off my new employer to not hire me, & I was correct, Bruce had me followed to see where I worked, and reached out to my supervisor Willisa Fletcher, & cannot prove this but Miss Fletcher stared harassing me 2 1/2 months into my employment with HCA Health Trust, by sending me lots of email advising my performance was not up to standard, the emails became so overwhelming that I ask for a meeting with her boss, well that meeting did not go well, it was with Jennifer Moses, and a contractor name Judy, & with Willisa Fletcher, I voiced my concern regarding all the emails and the arguments on the floor with me and Miss Fletcher.

Dkt. No. 9 at 2.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may

granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at \*2 (citations omitted)).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance

dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs.*

*Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

As the Court previously explained,

Title VII of the Civil Rights Act of 1964 and other statutes that protect rights in the workplace "all contain provisions prohibiting retaliation for asserting the rights or enjoying the benefits under those statutes." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted). To state a retaliation claim, a plaintiff must allege "that (1) [she] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Id.* (citation omitted). These three elements together make out a prime facie case of retaliation.
    And, while internal complaints may constitute a protected activity for purposes of alleging a retaliation claim, such complaints must at least reference unlawful discrimination. *See Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *see also Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to

constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

[Any] failure to allege unlawful discrimination or some other prohibited employment practice in the context of [a] retaliation claim [prevents a plaintiff from stating] a prima facie case.

A plaintiff need not establish a prima facie case in order to survive judicial screening under Section 1915(e)(2)(B). *Cf. Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of [her] claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows*, 731 F. App'x at 318 ("*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)).

*Phillips*, 2019 WL 6879314, at *2-*3 (citation modified).

As provided in her amended complaint, Phillips's retaliation claim based on an allegedly discriminatory practice is that, in August 2016, she made an internal complaint to her former employer that a fellow employee made racist statements; that, although she quit that job in October 2016, her former employer retaliated against her by "reach[ing] out to [her new] supervisor," who then "started harassing" Phillips "2 1/2 months into [her] employment with HCA." But, as Phillips alleges, she did not make an internal complaint at HCA until July 2018. *See* Dkt. No. 9 at 2. She does not allege that any complaint she made to HCA was rooted in discriminatory conduct that occurred at HCA. *See generally id.* And HCA terminated her employment on October 23, 2019. *See id.* at 5.

Accepting that Phillips's now alleging that she filed an internal complaint regarding a coworker's making racists statements connects her alleged retaliation to

unlawful discrimination or a prohibited employment practice, her amended allegations still lack facts to show a causal link connecting the protected activity to an adverse employment action.

First, Phillips did not file a complaint with HCA or concerning a coworker at HCA. She instead alleges that, because she complained to South Point that her South Point coworker made racist statements, South Point "reached out to [her HCA] supervisor," who then harassed her "by sending [Phillips] lots of email advising [her] performance was not up to standard." But Phillips alleges no facts to connect South Point to HCA. And, not only does Phillips merely speculate that there must be some connection, she affirmatively alleges that she "cannot prove" that South Point "reached out to" HCA to retaliate against her.

For these reasons, Phillips fails to allege facts to connect HCA's terminating her employment in October 2019 to a protected activity she undertook while employed by South Point in August 2016. *Cf. Scott v. Weber Aircraft*, 609 F. App'x 788, 792 (5th Cir. 2015) (per curiam) (affirming district court's finding that the plaintiff "failed to establish a *prima facie* case of retaliation because he did not show a causal link between protected activity and his termination. The only events that might qualify as 'protected activity' are Scott's reports regarding the noose and the offensive publication. The first report occurred five years prior to Scott's termination and the second report occurred over one year prior to Scott's termination."); *Rodriguez*, 540 F. App'x at 329 ("Absent more of an explanation for how her October 2009 complaint caused her July 2010 termination, the nine-month gap between the two events

negates any inference of a causal link. Rodriquez thus fails to establish a prima facie case for retaliation." (footnote omitted)).

Similarly, to the extent that an HCA supervisor's allegedly harassing Phillips counts as an adverse employment action, Phillips alleges no facts to connect that harassment to a protected activity she undertook while employed by South Point, even if the alleged harassment is closer in time to the protected activity. *Cf. EEOC v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017) ("'[T]o establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity.' Generally, this requires some showing that the decisionmaker … was aware of the activity. [While a] decisionmaker's awareness may be established by circumstantial evidence," "[d]emonstrating that a decisionmaker was aware of an employee's protected activity certainly requires 'more evidence than mere curious timing coupled with speculative theories.'" (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003), then *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997); citations omitted)).

In sum, because, in her amended complaint, Phillips has failed to allege "sufficient facts" to show a causal link connecting the protected activity to any adverse employment action, her retaliation claim is not plausible and, at this point, this case should be dismissed with prejudice. *Chhim*, 836 F.3d at 470

### Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE